IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ANDREW WILKINS, on behalf of himself and all others similarly situated,**<br><br>*Plaintiff,*<br>v.<br><br>**TOMMY BAHAMA R&R HOLDINGS, INC.,**<br><br>*Defendant.* | Case No. 2:23-cv-05084-JDW |

## **MEMORANDUM**

A fundamental principle in litigation is do what the judge tells you. Litigation is an ask permission venture, not a beg forgiveness one. Unfortunately, too many lawyers before me don't seem to think of it that way. Often, they seem to find complying with my orders inconvenient, so they choose their own path and figure that nothing will happen. But I don't enter orders willy-nilly; I think about them before I issue them, and I issue them for a reason. So I expect the parties before me to comply. This is a case in which the lawyers didn't comply. Nor did they ask permission not to comply.

I held a Rule 16 conference in this case on June 20, 2024. Following that conference, I issued a scheduling order. Among other things, that Order required the Parties to "meet and confer to set aside dates to hold open for depositions before the close of discovery" and to "submit a letter … that identifies the dates that will be set aside for these

depositions." (ECF No. 14, ¶ 1.) All that had to happen by July 5, 2024, but it didn't. On July 11, 2024, my chambers contacted counsel to inquire about the late submission. We got no response for a week. Then, on July 19, 2024, we got a letter from counsel telling me that the Parties were having settlement discussions and that they were continuing to discuss deposition dates, and they promised to get back to me by July 26. That is, the Parties gave themselves a three-week extension to the two-week deadline that I set, without ever asking me.

      The Parties' approach is unacceptable. They ignored a deadline that I set. They didn't bother to tell me. They left it to me to follow up and find out why they hadn't complied with my Order. Then, they waited more than a week to respond to my inquiry, and when they bothered to respond, they told me that it still wasn't convenient for them to comply with my Order, so they were taking another week for themselves. At this point, I have no way of knowing when they will deign to comply with my Order. And that reflects a disregard of the Court's authority.

      I'm not going to chase lawyers to get them to comply with my orders. Not in this case or any other. Instead, when parties don't comply, I'll take corrective action. Often, that will start with an informal inquiry to counsel, as it did in this case. But it will quickly shift to more aggressive case management. For these purposes, the lawyers haven't agreed on dates to hold open for depositions, so I'll do it for them.

## CONCLUSION

Judges enter orders to facilitate case management. Those orders might inconvenience the lawyers before them. And when they do, lawyers should raise the issue and ask for a modification. Most judges will listen; I try to. That doesn't mean the judge will always agree. But it's not OK for lawyers just to do what they want, regardless of what the judge says. When they do that, they risk consequences that might be worse than the pain of compliance in the first place.

**BY THE COURT**:

*/s/ Joshua D. Wolson*
HON. JOSHUA D. WOLSON

July 24, 2024